**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-10799
Summary Calendar

RONALD F. SARGENT,

Plaintiff-Appellant,

VERSUS

VITALITY FOOD SERVICE INC.; VITALITY BEVERAGES INC., formerly
known as Pasco Acquisition I; PASCO BEVERAGE COMPANY, formerly
known as Lykes Pasco Inc.; CAXTON-ISEMAN CAPITAL INC.; ENGLES,
URSON & FOLLMER,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth Division
(4:02-CV-18-A)

March 7, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Ronald F. Sargent appeals the district court's
dismissal of his Texas state law breach of contract action against

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

defendants Engles, Urson & Follmer (EUF), Caxton-Iseman Capital Inc. (CIC) and Vitality Beverages Inc. (VBI). This appeal is interlocutory, as defendant Vitality Food Service Inc. (VFS) remains a defendant in this case. We normally lack jurisdiction to hear interlocutory appeals, but because the trial judge certified this appeal pursuant to Federal Rule of Civil Procedure 54(b), we have jurisdiction to hear this appeal. Fed. R. Civ. P. 54(b).

Sargent first argues the district court erred in denying his motion to remand this diversity case to the Texas state courts. The district court found that Sargent fraudulently joined defendant EUF to destroy diversity, and alternatively granted EUF's motion to dismiss and motion for summary judgment. We review the district court's denial of a plaintiff's motion to remand to state court de novo. Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995). In determining whether a party has been fraudulently joined to destroy diversity, we look at all facts in the light most favorable to the plaintiff, and ask whether there is any possibility plaintiff will recover against defendant under state law. Id.

Here, Sargent argues he has a claim against EUF because Todd Follmer, an officer and director of EUF, entered into a contract with him on EUF's behalf. Under Texas state law, however, a principal is liable for the contracts of its agents only where that agent is acting under actual or apparent authority of the principal. Suarez v. Jordan, 35 S.W.3d 268, 272-73 (Tex. Ct. App.

2

2000).  Sargent argues that Follmer was acting under the apparent authority of EUF to enter into a contract with him.  But in determining whether an agent is acting under the apparent authority of a principal, we can look only to the actions of the principal, id. at 273, and Sargent points to nothing in the record that suggests EUF led him to believe Follmer could enter a contract with him on its behalf.  Accordingly, the district court correctly dismissed EUF from the case, and denied Sargent's motion to remand because the requirements of diversity jurisdiction are met. Burden, 60 F.3d at 221.

Sargent next argues that the district court erred in granting CIC and VBI's motion to dismiss on grounds that Texas lacks personal jurisdiction over those defendants.  He argues that his case is nearly identical to American Airlines v. Rogerson ATS, 952 F.Supp. 377 (N.D. Tex. 1996), where the district court found Texas had personal jurisdiction over the defendants.  But unlike the defendants in American Airlines, Sargent has no evidence to suggest that CIC and VBI intended to be parties to his contract with VFS. We thus conclude American Airlines is inapposite, and affirm the district court's dismissal on personal jurisdiction grounds.

The judgment of the district court is AFFIRMED.